| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------x<br>In re: DIANE M. SAMPSON<br><br>                              Debtor.<br>------------------------------------------------------x | DATE: March 25, 2025<br>TIME: 10:00 A.M.<br><br>CHAPTER 13<br>CASE NO. 24-35786 (kyp) |

**NOTICE OF MOTION TO REOPEN DEBTOR'S CHAPTER 13 CASE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9024, AND FEDERAL RULE OF CIVIL PROCEDURE § 60 VACATING THIS IN REM ORDER**

**PLEASE TAKE NOTICE, THAT UPON THE ANNEXED MOTION OF**

**DARIO** DI LELLO, Esq., dated March 10, 2025 the undersigned will move this Court at the United States Bankruptcy Court, 355 Main Street, Poughkeepsie, New York 12601 on the 25th day of March, 2025, at 10:00 a.m. or as soon thereafter as counsel can be heard for an Order pursuant to Federal Rule of Bankruptcy Procedure 9024, and Federal Rule of Civil Procedure § 60 vacating the In Rem Order, and for such other and further relief as to the Court may seem just and proper.

**PLEASE TAKE FURTHER NOTICE**, that answering papers, if any, shall be served upon and received by the Chapter 7 Trustee at the address indicated below and filed with the Court together with proof of service, no later than three (3) days prior to the return date hereof.

Dated: Fishkill, New York
            March 10, 2025

                                        LAW OFFICE OF DARIO DI LELLO
                                        Attorney for the Debtor

                          BY:     /S Dario Di Lello
                                        DARIO DI LELLO (DD5991)
                                        725 Route 9
                                        Fishkill, New York 12524
                                        (845) 765-0090

TO:

Robert W. Griswold, Esq.
LOGS Legal Group LLP
175 Mile Crossing Boulevard
Rochester, New York 14624

PHH Mortgage
Attn: President
2001 Bishops Gate Blvd
Mount Laurel, New Jersey 08054

New Rez
Attn: President
55 Beattie Place Ste 110
Greenville, SC  29601

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re: DIANE M. SAMPSON,               **CHAPTER 7**
                                       **CASE NO.  [Case]** (kyp)
                                    Debtor.
-------------------------------------------------------x

**MOTION TO REOPEN CASE PURSUANT TO BANKRUPTCY RULE 5010
AND 11 U.S.C. §350(b)**

**TO HONORABLE ROBERT D. DRAIN, UNITED STATES BANKRUPTCY**

**JUDGE:**

The motion of DARIO DI LELLO, Esq., respectfully represents:

1.      The Debtor filed her Chapter 13 case on August 6, 2024.

2.      An Order of Dismissal was signed and entered on or about November 21, 2024 and the case was closed on November 21, 2024.

3.      The Debtor desires to reopen the debtor's Chapter 13 case so that she may then move for and Order pursuant to Federal Rule of Bankruptcy Procedure 9024, and Federal Rule of Civil Procedure § 60 vacating the In Rem Order on her residence.

4.      For reasons set forth below, Debtor will set forth facts establishing that this Court should take into account the unique situation in which the Debtor was a victim of a Louis Diaz, an individual who held himself out as an attorney, who caused the Debtor to file 3 Petitions with a year, which lead to PHH Mortgage having a bases for making their In Rem Order application.

*Debtor was represented by an individual who she believed was an attorney and who filed 3 barebone Petitions with no schedules*

5.      This case involved a Debtor who filed 3 bankruptcy petition within 1 year. Debtor filed a case on August 1, 2023, the second on February 20, 2024 and the third on August 6, 2024, and were all Chapter 13 bankruptcies.  All three cases were dismissed

within two months of each filing. At the outset this would appear to be an abuse of the bankruptcy code, however, for reasons set forth below it will become apparently that the Debtor was the victim of a bankruptcy preparer who held himself out as an attorney and failed to provide the Debtor with instructions to perfect the filings. During the last filing baring case number 24-35786, the creditor, PHH Mortgage filed and obtain an In Rem Order lifting the stay as to Debtor's home.

6. Debtor contends that had Debtor had proper representation, PHH Mortgage would not have been able to obtain the In Rem Order. Under the circumstances herein, Debtor request this court to Vacate that In Rem Order.

7. Pursuant to 11 U.S.C. § 105, Power Of Court, this Cour has the discretion to vacate the In Rem Order.

8. 11 U.S.C. § 105, power of court provides as follows:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

9. Debtor is requesting that this Court to reopen her case so that she may properly move to vacate the In Rem Order. Debtor has requested Loss Mitigation in her current case filing with Bankruptcy Case No: 25-35167. Debtor assured the Court that she will provide all the necessary documentation in a timely matter as to not cause any delay. Also, your Affirmant is in possession of Debtor's March 2025 mortgage payment and said check will be deposited into your Affirmant's IOLA account at M&T Bank shortly. Your Affirmant will forward said payment to PHH Mortgage once I am given mailing directions.

10. Also, Pursuant to Rule 9024, Relief from Judgment or Order, states that Rule 60 FR Civ P. applies in cases under this Code * * *.

Thus, pursuant to Rule 60. Relief from a Judgment or Order:

>*(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:*
>
>**(1) mistake, <u>inadvertence, surprise, or excusable neglect</u>; and**
>
>**(6) any other reason that justifies relief.**

**WHEREAS**, under the circumstances, Debtor respectfully request that the Court reopen her case so that she may properly move to vacate the In Rem Order on her residence, and for such other and reasonable relief as this Court may direct.

Dated: Fishkill, New York
March 10, 2025

                                      LAW OFFICE OF DARIO DI LELLO
                                      Attorney for the Debtor

BY:    /S Dario Di Lello
         DARIO DI LELLO (DD5991)
         725 Route 9
         Fishkill, New York 12524
         (845) 765-0090