UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION

IN RE                                                                                    CHAPTER 13

DIANE MARIE SAMPSON                                                 CASE NO. 24-35786-kyp

                                                                                            JUDGE: Kyu Young Paek
                             DEBTOR

**OBJECTION TO MOTION TO REOPEN CHAPTER 13 CASE**

PHH Mortgage Corporation as Servicer for Deutsche Bank National Trust Company, as Trustee for NovaStar Mortgage Funding Trust, Series 2007-1 NovaStar Home Equity Loan Asset-Backed Certificates, Series 2007-1 ("PHH"), by and through its attorneys, LOGS Legal Group LLP as and for its Objection to Debtor's Motion to Reopen Chapter 13 Case, dated March 10, 2025, (the "Motion to Reopen") respectfully affirms the following to be true under penalty of perjury:

1.     I am an Attorney with LOGS Legal Group LLP, attorney for PHH Mortgage Corporation and am familiar with the facts and circumstances surrounding this matter.

2.     The Debtor's Motion to Reopen seeks to reopen the Instant Bankruptcy to permit the Debtor to move to vacated PHH's order lifting the automatic stay in rem (the "In Rem Order"), which was recorded on January 29, 2025.

3.     The Debtor is a serial bankruptcy filer who is in default for approximately 9 years, who has filed 7 bankruptcies, four of which were on the eve of scheduled foreclosure sale.

4.     Diane Marie Sampson (the "Debtor") is the owner of the property located at 16 Sidney Lane, Wappingers Falls, NY 12590 (the "Property").

5.     The Debtor soon went into default under the modified loan from December 2016.

6. On or about June 15, 2017, a foreclosure action was commenced in New York State Supreme Court for the County of Dutchess, Index No. 2017-51431 against the Debtor and the Property (the "Foreclosure Action").

7. On March 5, 2020, Hon. Edward T. McLoughlin, JSC, signed a Judgment of Foreclosure and Sale (the "JFS").

8. A foreclosure sale was scheduled and duly noticed for August 2, 2023.

9. On August 1, 2023, the day before the scheduled foreclosure sale, the Debtor filed a pro se bare bones chapter 13 petition under case number 23-35628 (the "Fourth Bankruptcy"). The Fourth Bankruptcy was automatically dismissed on September 21, 2023.

10. A foreclosure sale was scheduled and duly noticed for February 21, 2024.

11. On February 20, 2024, the day before the scheduled foreclosure sale, the Debtor filed a pro se bare bones chapter 13 petition under case number 24-35164 (the "Fifth Bankruptcy"). The Fifth Bankruptcy was automatically dismissed on April 19, 2024.

12. A foreclosure sale was scheduled and duly noticed for August 6, 2024.

13. The Debtor filed another pro se bare bones bankruptcy petition on August 6, 2024 (the "Sixth Bankruptcy" or "Instant Bankruptcy")). Because at the time the Debtor filed the Sixth Bankruptcy, the Debtor had two pending cases within the prior year that were dismissed, the automatic stay did not come into effect upon the filing of the Sixth Bankruptcy.

14. On October 10, 2024, PHH moved in the Sixth Bankruptcy to confirm the absence of the Automatic Stay pursuant to Section 362(c)(4) and requesting in rem relief from the automatic stay pursuant to Section 362(d)(4) (the "In Rem Motion").

15. On October 29, 2024, the In Rem Motion was Granted. The In Rem Order was entered on November 8, 2024. By the terms of the In Rem Order, it would be effective in any bankruptcy filed within two years of its entry.

16. On November 13, 2024, the Court entered an order Automatically dismissing the Instant Bankruptcy.

17. A foreclosure sale was scheduled and duly noticed for February 19, 2025.

18. Debtor filed a petition for relief under Chapter 13 of the U.S. Bankruptcy Code on February 17, 2025 (the "Seventh Bankruptcy").

19. As the Fifth Bankruptcy and Sixth Bankruptcy were pending within the prior year, no automatic stay took effect upon the filing of the Seventh Bankruptcy with respect to any creditor pursuant to Section 362(c)(4).

20. On February 18, 2025, the Court entered an order imposing the automatic stay pursuant to Section 362(c)(4), and out of an abundance of caution the scheduled sale was cancelled.

21. On February 18, 2025, Debtor filed a Motion seeking Court approval to extend or impose the automatic stay pursuant to Section 362(c)(3)(b) and (c)(4).

22. PHH opposed the Debtor's Motion to Impose Stay on March 5, 2025, and at the hearing the Motion to Impose Stay was adjourned to March 25, 2025 to coincide with the hearing on the Motion to Reopen.

23. PHH Asserts that the Motion to Reopen should be denied for two reasons:

   a. First, the bankruptcy case was not closed pursuant to Section 362(a), and therefore should not be reopened pursuant to 350(b).

    b. Second, the request is moot, as any request to move to vacate the In Rem Order would be entirely frivolous. The Debtor's assertion that cause exists to vacate the In Rem Order because the Debtor was pro se is unavailing and not supported by any relevant case law.

## DISCUSSION

*Reopening the Case Pursuant to Rule 350(b) is Not Warranted*

24. The instant Motion to Reopen seeks an order reopening the instant Bankruptcy Proceeding pursuant to Section 105.

25. Reopening of a closed bankruptcy is governed by Section 350(b).

26. As Judge Craig noted in *In re Cole*, a bankruptcy case may only be reopened pursuant to Section 350(b) if it has been closed pursuant to Section 350(a), after it is fully administered and the trustee is discharged. *In re Cole*, 382 B.R. 20 (Bankr. E.D.N.Y. 2008)

27. Section 350(b) is inapplicable in cases where, as here, the Debtor's case has been dismissed.

28. "[A] motion to 'reopen' a bankruptcy case that has been dismissed is in reality a motion for relief from the order dismissing the case pursuant to Federal Rule of Civil Procedure 60, made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024." *Elmar Assocs., LLC v. Gutman (In re B&N Props., LLC)*, 2017 U.S. Dist. LEXIS 198958 (E.D.N.Y. Dec. 4, 2017) (*citing In re Cole,* 382 B.R. at 24).

*Vacating the Dismissal or the In Rem Order Pursuant to Rule 60(b) is Not Warranted*

29. If the Debtor seeks to vacate the In Rem Order or the Dismissal Order pursuant to Federal Rule of Civil Procedure 60(b), made applicable in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 9024, the Debtor will need to establish cause under that provision.

25-098734                                                  4

30. Federal Rule of Civil Procedure 60(b) lists six grounds for relief from a judgment or order. These are:

a. mistake, inadvertence, surprise, or excusable neglect;
b. newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
c. fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
d. the judgment is void;
e. the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
f. any other reason justifying relief from the operation of the judgment.

31. "Motions under Rule 60(b) are addressed to the sound discretion of the. . . court and are generally granted only upon a showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)), aff'd on other grounds, 501 U.S. 115 (1991).

32. Rule 60(b) "allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances." *Cent. Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003) (quoting *Nemaizer*, 793 F.2d at 61-62).

33. Such relief is not lightly granted, and the movant must demonstrate that "extraordinary circumstances" are present in order to prevail. *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 190 n.8 (2d Cir. 2006).

34. "Generally, courts require that the evidence in support of the motion to vacate a final judgment be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *45 John Lofts, LLC v. Meridian Cap. Grp. LLC (In re 45 John Lofts, LLC)*, 648 B.R. 16 (Bankr. S.D.N.Y. 2023) (citing *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).

35. The Debtor suggests that vacatur is warranted in the instant case due to "inadvertence, surprise or excusable neglect" simply by underlining those provisions and without actually asserting why the Debtor's use of an alleged petition preparer somehow warrants vacatur of the In Rem Order.

36. The fact that a debtor was pro se does not warrant vacatur of the In Rem Order. This is neither an exceptional nor unforeseen circumstance.

37. The Debtor received notice of the In Rem MFR and could have retained an attorney at any point, but neglected to do so.

38. Instead, the Debtor waited yet again until the last minute and filed another bankruptcy on the eve of a scheduled foreclosure sale.

39. The Debtor is essentially seeking a do-over of the In Rem MFR.

40. Courts consistently deny Motions to Vacate that merely seek a do-over of the underlying motion. *In re Osuji*, No. 15-75534-AST, 2017 Bankr. LEXIS 3489 (Bankr. E.D.N.Y. Oct. 6, 2017); *In re CCS.Com.USA, Inc.*, 2018 Bankr. LEXIS 2527 (Bankr. E.D.N.Y. Aug. 23, 2018); *In re Lynch*, No. 2018 Bankr. LEXIS 3645 (Bankr. E.D.N.Y. Nov. 19, 2018).

41. The Debtor has not pointed to a mistake of law or fact in the MFR or the Stay Relief Order. *See Kemp v. United States*, 142 S. Ct. 1856, 1860 (2022).

42. With respect to the Debtor's Motion to Reopen, which as asserted above should be reviewed as a motion to vacate the Dismissal Order, the Debtor faces an even more compelling difficulty as the Instant Bankruptcy was *automatically* dismissed.

43. In *In re Alfau*, Judge Scarcella undertakes a serious discussion about whether an automatic dismissal can ever be vacated pursuant to Rule 60, and concludes that it cannot. *In re Alfau*, 2024 Bankr. LEXIS 1077 (Bankr. E.D.N.Y. May 7, 2024).

44. "Quite simply, an automatic statutory dismissal is not the kind of action contemplated by Rule 60(b) and therefore cannot form the basis for any relief requested under Rule 60(b). Even if it were, however, Rule 60(b) cannot be used to bypass the strict statutory scheme established by § 521(a)(1) and (i)." (*In re Alfau*, 2024 Bankr. Lexis 1077 (*quoting In re Wilkinson*, 346 B.R. 539, 546 (Bankr. D. Utah 2006)).

45. Even aside from this, the Instant Bankruptcy was a bare bones pro se bankruptcy filed in bad faith on the eve of a scheduled foreclosure sale, and the dismissal of the Instant Bankruptcy was clearly warranted for a myriad of factors.

46. For this reason, PHH asserts that the Debtor's request to vacate the dismissal of the Instant Bankruptcy must be denied.

**WHEREFORE,** PHH Mortgage Corporation as Servicer for Deutsche Bank National Trust Company, as Trustee for NovaStar Mortgage Funding Trust, Series 2007-1 NovaStar Home Equity Loan Asset-Backed Certificates, Series 2007-1 respectfully requests that the Court deny the Debtor's proposed order; and for such other relief as this court may deem just and proper.

Dated: March 18, 2025
       Merrick, New York

Respectfully Submitted,

/s/ Robert W. Griswold
Robert W. Griswold
LOGS Legal Group LLP
Attorneys for PHH Mortgage Corporation as Servicer for Deutsche Bank National Trust Company, as Trustee for NovaStar Mortgage Funding Trust, Series 2007-1 NovaStar Home Equity Loan Asset-Backed Certificates, Series 2007-1
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380

# **CERTIFICATE OF SERVICE**

The undersigned certifies that on March 18, 2025, a copy of Objection to Motion to Reopen Chapter 13 Case was caused to be deposited in an enclosed, properly addressed post-paid envelope, and served by ordinary U.S. Mail, postage prepaid, and/or electronically upon the following:

Debtor
Diane Marie Sampson
16 Sidney Lane
Wappingers Falls, NY 12590

Attorney for Debtor
Dario DiLello
dario@centralparklaw.com

Trustee
Thomas C. Frost, Chapter 13 Standing
info@FrostSDNY13.com

U.S. Trustee Office of the U.S. Trustee
USTPRegion02.PK.ECF@USDOJ.GOV

Robertson, Anschutz, Schneid, Crane
& Partners, PLLC
900 Merchants Concourse, Suite 310
Westbury, NY 11590


Dated: March 18, 2025
       Merrick, New York

                                                              /s/ Robert W. Griswold
                                                              Robert W. Griswold
                                                              LOGS Legal Group LLP
                                                              175 Mile Crossing Boulevard
                                                              Rochester, New York 14624
                                                              Telephone: (585) 247-9000
                                                              Fax: (585) 247-7380
                                                              Email: logsecf@logs.com